IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY E. OLSON,

                        Plaintiff,

    v.

JAMES SCHWOCHERT,

                        Defendant.

OPINION and ORDER

18-cv-666-jdp

---

      Pro se plaintiff Jeffrey Olson, a prisoner in Waupun Correctional Institution, has filed a complaint under 42 U.S.C. § 1983 against defendant James Schwochert, the administrator for the Division of Adult Institutions of the Wisconsin Department of Corrections. The subject of the complaint is DAI 309.45.02, a prison policy that increases from 25 percent to 50 percent the amount of a prisoner's trust account that may be deducted to pay what Olson calls "court-ordered obligations," which I understand in Olson's case to be criminal restitution. Olson seeks: (1) the return of $270 that Schwochert has allegedly deducted from Olson's account under the policy; (2) a declaration that the policy is invalid; (3) an injunction stopping Schwochert from enforcing the policy; and (4) punitive damages. Olson does not deny that he owed the money that Schwochert deducted, but he says that the policy violates both state and federal law.

      Olson has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915 and § 1915A. I conclude that Olson has not stated a claim under federal law, so I will dismiss those claims with prejudice and decline to exercise jurisdiction over his state law claims.

ANALYSIS

A potential threshold problem with Olson's claims is that Olson admits that he already sought relief in Wisconsin state court, but the court concluded that the deductions from his account were authorized under state law. Dkt. 1, ¶ 34. This could be a problem for Olson because a plaintiff may not keep filing lawsuits in different courts until he receives the decision he wants. When a plaintiff loses a case filed in Wisconsin state court and then files a new lawsuit raising the same claim against the same defendant (or a closely related party), that plaintiff is bound by the first decision. *Wisconsin Public Service Corp. v. Arby Construction, Inc.*, 2012 WI 87, ¶ 35, 342 Wis.2d 544, 557, 818 N.W.2d 863, 870 (claim preclusion applies if there is: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction). *See also Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (state law on claim preclusions applies when the plaintiff filed first case in state court). But claim preclusion is an affirmative defense, *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 798 (7th Cir. 2018), and Olson does not provide enough information in his complaint to determine as a matter of law whether all of the requirements of the defense are satisfied, so I will consider the merits of his claims.

Olson's primary theory under federal law is due process, which requires public officials to give notice and an opportunity to be heard before depriving an individual of property. *Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018). But Olson received due process when he was convicted of the underlying crime and he admits that the obligation to pay restitution was part of the judgment of conviction, so an administrative policy that requires him to pay that money back at a particular rate does not violate the Due Process Clause. *E.g.*, *Mahers v. Halford*,

76 F.3d 951, 956 (8th Cir. 1996) (Department of Corrections' deduction from prisoner's account to satisfy an inmate's restitution obligations during the time in question did not violate the Due Process Clause).

Once a prisoner is convicted, the Wisconsin Department of Corrections has discretion to determine how a prisoner should repay his restitution. Wis. Stat. § 973.20(11)(c) ("If a defendant who is in a state prison or who is sentenced to a state prison is ordered to pay restitution, the court order shall require the defendant to authorize the department to collect, from the defendant's wages and from other moneys held in the defendant's prisoner's account, *an amount or a percentage the department determines is reasonable for payment to victims*.") (internal quotations omitted). *Cf. United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) ("[T]he Bureau of Prisons . . . does not need judicial permission to remit money from a prisoner's account, with or without the prisoner's assent. . . . Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch."). Olson seems to be contending that applying § 973.20(11)(c) to him violates his right to due process because that provision was enacted after he was convicted. But a state is not required to provide individualized process before enacting a statute. *Bi-Metallic Investment Co. v. State Board of Equalization*, 239 U.S. 441, 445 (1915) ("General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule.").

In any event, Olson does not identify any process to which he was entitled but did not receive. The policy itself gave Olson notice and he does not say that he needed a hearing to

3

resolve a factual issue about whether the policy should apply to him. The absence of a factual issue is fatal to his due process claim. "[U]nless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law." *Goros v. County of Cook*, 489 F.3d 857, 859–60 (7th Cir. 2007). So DAI 309.45.02 does violate the Due Process Clause.

Olson says that he was entitled to "be properly served with process for any modifications of the sentence he is serving." Dkt. 1, ¶ 32. This contention rests on Olson's view that the deductions for restitution taken from his account are a modification of his sentence because the court ordered him to pay restitution as a condition of his extended supervision, which is not scheduled to begin until 2047. But that is not an issue of due process. If Olson believes that prison officials are violating his state court judgment, then he must seek relief in state court, not federal court. In any event, Olson attached the state court judgment to his complaint and that judgment imposes no timing restrictions on the collection of his restitution. Dkt. 1-1, at 10. Again, § 973.20(11)(c) leaves that question to the Department of Corrections.

Olson also says that applying DAI 309.45.02 to him violates the Ex Post Facto Clause because it was enacted after he was convicted. That claim is without merit. The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 504 (1995). Olson does not allege that Schwochert *increased* the amount of restitution that Olson is required to pay. Rather, Schwochert only "increased the permissible rate at which restitution payments may be collected." *Quarles v. Kane*, 482 F.3d 1154 (9th Cir. 2007) (rejecting Ex Post Facto challenge to statute that increased from 20 percent to 50 percent the amount of money that

could be deducted from prisoner accounts to pay restitution orders). So the deduction does not implicate the Ex Post Facto clause.

Olson's last federal theory is the Takings Clause of the Fifth Amendment, which prohibits the government from taking a person's property for public use without just compensation. But numerous courts have held that deducting money from a prisoner's account to pay a debt does not qualify as a "taking" within the meaning of Fifth Amendment. *Barber v. Wall*, 66 Fed. Appx. 215, 216 (1st Cir. 2003) ("[I]t is clear that the debiting of funds from [an inmate's] account in satisfaction of a properly imposed restitution order does not amount to a taking."). *Accord Meineke v. Finnan*, No. 1:11-CV-01624-TWP, 2014 WL 3586546, at *3 (S.D. Ind. July 21, 2014); *Oakley v. Zavaras*, 2011 WL 198405, *5 (D. Colo. Jan. 20, 2011); *Grimes v. O.D.O.C. Agency*, 2007 WL 1170636 (D. Or. April 11, 2007); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1229–30 (S.D. Cal. 2004). I am not aware of any contrary authority, so I will dismiss this claim as well.

Finally, Olson says that DAI 309.45.02 is inconsistent with various state laws. He does not explain how any of those laws override the discretion granted to the department in Wis. Stat. § 973.20(11)(c) and he does not cite a statute that would give him a right to sue under those other laws. Regardless, because I am dismissing Olson's federal claims, the general rule under 28 U.S.C. § 1367(c)(3) is to decline to exercise jurisdiction over any remaining state law claims. If Olson believes that DAI 309.45.02 is inconsistent with state law, his remedy is to file a petition for a writ of certiorari in state court, if he has not already done so. He is not entitled to any relief in this court.

ORDER

IT IS ORDERED that plaintiff Jeffrey Olson's federal claims are DISMISSED for failure to state a claim upon which may be granted. The court declines to exercise supplemental jurisdiction over Olson's state law claims and those claims are DISMISSED without prejudice. The clerk of court is directed to enter judgment accordingly and close this case.

Entered December 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge